**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20530-0001, ) <br>  ) <br> Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

**STATEMENT OF FACTS**

5. On or about November 2, 2016, it was reported that Peter Kadzik, the Assistant Attorney General for Legislative Affairs at the U.S. Department of Justice, used a gmail email account to send an email to John Podesta, chairman of Hillary Rodham Clinton's presidential campaign, concerning the State Department's review of former Secretary Clinton's emails. *See* Laura Koran, *Hacked email appears to show DOJ official tipping Clinton Campaign about review*, CNN (Nov. 2, 2016, available at http://www.cnn.com/2016/11/02/politics/peter-kadzik-john-podesta-wikileaks).

6. As of November 26, 2014, "[a]n officer or employee of an executive agency may not create or send a record using a non-official electronic messaging account unless such officer or employee- (1) copies an official electronic messaging account of the officer or employee in the original creation or transmission of the record; or (2) forwards a complete copy of the record to an official electronic messaging account of the officer or employee not later than 20 days after the original creation or transmission of the record." 44 U.S.C. § 2911.

7. On November 7, 2016, Plaintiff submitted a FOIA request to the U.S. Department of Justice seeking:

> A. **All email correspondence between Peter Kadzik on either his official Justice Department email account or**

    **peterkadzik@gmail.com and any non-government employee concerning, regarding, or relating to former Secretary of State Hillary Clinton's use of non-state.gov email to conduct official government business;**

  B. **All email correspondence between Peter Kadzik on either his official Justice Department email account or peterkadzik@gmail.com and John Podesta; and**

  C. **All email correspondence between Peter Kadzik on either his official Justice Department email account or peterkadzik@gmail.com and any official, officer, or employee of Hillary Rodham Clinton's presidential campaign.**

 **The timeframe for this request is December 1, 2014 to November 7, 2016.**

8. In a November 17, 2016 letter, the U.S. Department of Justice acknowledged receiving Plaintiff's FOIA request and referred the request to the Office of Information Policy.

9. By email dated November 21, 2016, the Office of Information Policy assigned Plaintiff's FOIA request Tracking Number DOJ-2017-00820.

10. In a December 13, 2016 letter, the Office of Information Policy again acknowledged receiving Plaintiff's FOIA request and informed Plaintiff that it was assigned to the complex track.

11. On November 7, 2016, Plaintiff also submitted a FOIA request to the U.S. Department of Justice seeking:

  A. **All emails sent to or received by Peter Kadzik using the email address peterkadzik@gmail.com in which he conducted official government business.**

  B. **All emails copied and/or forwarded as required by 44 U.S.C. § 2911 to Peter Kadzik's Justice Department email account from peterkadzik@gmail.com.**

 **The timeframe for this request is January 1, 2016 to the present.**

12.     In a November 17, 2016 letter, the U.S. Department of Justice acknowledged receiving Plaintiff's FOIA request and referred the request to the Office of Information Policy.

13.     By email dated November 21, 2016, the Office of Information Policy assigned Plaintiff's FOIA request Tracking Number DOJ-2017-00819.

14.     As of the date of this Complaint, the U.S. Department of Justice has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

17.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within the time limits set by FOIA. Accordingly, Defendant's determinations were due on or about January 3, 2017. At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

- 5 -

18.     Because Defendant failed to determine whether to comply with Plaintiff's requests within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 5, 2017            Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*