UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JUDICIAL WATCH, INC.,               )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Case No. 17-cv-29 (EGS)
                                    )
UNITED STATES DEPARTMENT OF JUSTICE,)
                                    )
    Defendant.                      )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h)(1), Defendant United States Department of Justice ("DOJ") respectfully submits the following statement of material facts as to which there is no genuine issue:

**I.    Judicial Watch's FOIA Requests**

    1.    Plaintiff Judicial Watch, Inc. ("Judicial Watch") submitted two FOIA requests to the DOJ's FOIA/Privacy Act Mail Referral Unit ("MRU") on November 7, 2016. Declaration of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 3; Compl. ¶¶ 7, 11, Docket No. 1.

    2.    On November 17, 2016, the MRU routed both FOIA requests to DOJ's Office of Information Policy ("OIP"), and also sent letters to Judicial Watch confirming DOJ's receipt of the requests. Brinkmann Decl. ¶¶ 3-4; Compl. ¶¶ 8, 12; *see also* Ex. A to Brinkmann Decl. (copies of the two confirmation letters sent by DOJ to Judicial Watch).

    3.    Both of Judicial Watch's FOIA requests sought certain email correspondence to and from Mr. Peter Kadzik, who was, at the time of the requests, DOJ's Assistant Attorney General for Legislative Affairs. Brinkmann Decl. ¶ 9; Compl. ¶¶ 5, 7, 11

4.  Mr. Kadzik has since left his job with the federal government. Brinkmann Decl. ¶ 9.

5.  Judicial Watch's first request, assigned tracking number DOJ-2017-000819 by OIP, sought the following documents:

>   A.  All emails sent to or received by Peter Kadzik using the email address peterkadzik@gmail.com in which he conducted official government business.
>
>   B.  All emails copied and/or forwarded as required by 44 U.S.C. § 2911 to Peter Kadzik's Justice Department email account from peterkadzik@gmail.com.
>
>   The timeframe for this request is January 1, 2016 to the present.

Compl. ¶ 11; Brinkmann Decl. ¶ 5; *see also* Ex. C to Brinkmann Decl. (copy of Request No. DOJ-2017-000819).

6.  Judicial Watch's second request, assigned tracking number DOJ-2017-000820 by OIP, sought the following documents:

>   A.  All email correspondence between Peter Kadzik on either his official Justice Department email account or peterkadzik@gmail.com and any non-government employee concerning, regarding, or relating to former Secretary of State Hillary Clinton's use of non-state.gov email to conduct official government business;
>
>   B.  All email correspondence between Peter Kadzik on either his official Justice Department email account or peterkadzik@gmail.com and John Podesta; and
>
>   C.  All email correspondence between Peter Kadzik on either his official Justice Department email account or peterkadzik@gmail.com and any official, officer, or employee of Hillary Rodham Clinton's presidential campaign.
>
>   The timeframe for this request is December 1, 2014 to November 7, 2016.

Compl. ¶ 7; Brinkmann Decl. ¶ 6; *see also* Ex. D to Brinkmann Decl. (copy of Request No. DOJ-2017-000820).

## II.     Searches of Mr. Kadzik's Official DOJ Email Account

7.     The Office of Information Policy ("OIP") is an office within the Department of Justice that is responsible for, among other things, processing FOIA requests on behalf of several senior leadership offices at DOJ, including the Office of Legislative Affairs ("OLA"). Brinkmann Decl. ¶ 1.

8.     Upon receipt of Judicial Watch's FOIA requests, OIP determined that any potentially responsive records would be maintained by OLA, because both requests sought (1) emails (and only emails) (2) that were sent to or from former Assistant Attorney General for Legislative Affairs Peter Kadzik. *See id.* ¶ 9.

9.     Accordingly, OIP "conducted comprehensive searches of Mr. Kadzik's entire DOJ email account," using a sophisticated "electronic search and review platform." *Id.* ¶ 12.

10.     To identify potentially responsive records to request No. DOJ-2017-000819, "OIP used the search term peterkadzik@gmail.com, which would capture any emails between Mr. Kadzik's DOJ and Gmail email accounts, including emails copied, blind copied, or forwarded between the two accounts." *Id.*

11.     OIP conducted that search, for the term "peterkadzik@gmail.com" in Mr. Kadzik's official DOJ email account, over the date range specified by Judicial Watch for this request: January 1, 2016 to November 7, 2016. *Id.*

12.     To identify potentially responsive records to request No. DOJ-2017-000820, "OIP again conducted comprehensive searches of Mr. Kadzik's entire DOJ email account using" its sophisticated "electronic search and review platform." *Id.* ¶ 13.

13. "In conducting these e-mail searches, OIP used the following search terms: 'Clinton,' 'HRC,' 'Hillary,' 'Podesta,' 'Palmieri,' and 'Fallon.'" *Id.*

14. "Those search terms were developed based on discussions—including in-person discussions with Mr. Kadzik himself—about Mr. Kadzik's personal and professional relationships with certain employees of the Clinton campaign." *Id.*

15. "Those search terms were ultimately selected because Mr. Kadzik represented that, to the extent that he had any communications during this time period with employees of the Clinton campaign, such communications would have been limited to John Podesta, Jennifer Palmieri, or Brian Fallon." *Id.*

16. In addition, "[b]ecause the search terms included 'Clinton,' 'HRC,' and 'Hillary,' they also would have identified emails responsive to the first part of this request (*i.e.*, emails between Mr. Kadzik and any non-government employee regarding Secretary Clinton's use of non-state.gov email to conduct official government business)." *Id.*

17. OIP also applied those search terms over the date range specified by Judicial Watch for this request: December 1, 2014 to November 7, 2016. *See id.*

## III.  Searches of Mr. Kadzik's Personal Email Account

18. In searching for records in response to Judicial Watch's requests, OIP followed its standard practice of "engag[ing] in a dynamic search process which is informed by a totality of factors and information available on the location and format of potentially responsive records." *Id.* ¶ 14.

19. In this instance, that "dynamic search process," and Judicial Watch's allegations regarding Mr. Kadzik's personal email use, led OIP to contact attorneys at OLA, including Mr.

Kadzik himself, to ensure that its search of Mr. Kadzik's official DOJ email account was sufficient, and to inquire about his use of a personal email account.  *See id.* ¶¶ 14-19.

20. As an initial matter, "Mr. Kadzik searched his own personal email account" in order to "identify any agency records that might arguably be responsive to Judicial Watch's FOIA requests." *Id.* ¶ 16.

21. That initial search "covered any folders in [Mr. Kadzik's] personal email account that he believed might contain responsive documents (including each of the sent, inbox, and trash folders).  Mr. Kadzik conducted specific word searches, and also performed a manual review (*i.e.*, not using search terms) of the appropriate folders." *Id.*

22. That initial search "also included specific attempts to locate the alleged email to John Podesta that is referenced in Judicial Watch's complaint." *Id.*

23. Mr. Kadzik did not identify any potentially responsive records in his initial search. *See id.*

24. As a result of that search and Mr. Kadzik's representations, OIP had no reason to believe that any potentially responsive agency records were likely to be located in any place other than Mr. Kadzik's official DOJ email account. *Id.*

25. Nevertheless, "out of an abundance of caution, and in light of the allegations in the Complaint regarding the possibility of certain correspondence on Mr. Kadzik's gmail account that might arguably be considered an agency record," attorneys with OIP, OLA, and litigation counsel from DOJ's Civil Division met with Mr. Kadzik, in person, "just before his departure from federal employment." *Id.* ¶ 17.

26. "After that in-person meeting, DOJ was confident that there were currently no agency records (or even potential agency records) in Mr. Kadzik's personal email account." *Id.* ¶ 18.

27. "Nevertheless, because of the allegations in the complaint, and again out of an abundance of caution, Mr. Kadzik conducted a series of additional searches of his Gmail account, at DOJ's request." *Id.* ¶ 19.

28. Those additional "searches were specifically designed to either locate, or confirm the non-existence of, the alleged email to John Podesta referenced in the complaint." *Id.*

29. Those searches were performed on any folders in Mr. Kadzik's personal email account that he believed might contain responsive documents (including each of the sent, inbox, and trash folders), using the search terms "Podesta," "johnpodesta@gmail.com," and other variants thereof. *Id.*

30. Mr. Kadzik also "conducted another manual review" of his Gmail account, "including by sorting and reviewing his Sent folder in chronological order." *Id.*

31. Consistent with Mr. Kadzik's initial search, his representations about his own personal email use, and DOJ's expectations, those additional searches "did not locate any email similar to the one referenced in plaintiff's complaint, nor any other email that would potentially be an agency record responsive to plaintiff's requests." *Id.*

32. "Ultimately, these searches confirmed to DOJ's satisfaction that any such email did not currently exist in Mr. Kadzik's Gmail account." *Id.*

33. In addition, "Mr. Kadzik confirmed that he did not recall ever using his personal Gmail account to send any other similar emails to John Podesta, or to anyone else associated with

the Clinton campaign, and that he was confident that his personal Gmail inbox contained no agency records or potential agency records." *Id.*

## IV. DOJ's Production

34. On April 28, 2017, DOJ made a timely production of 56 pages of responsive, non-exempt records, along with a cover letter explaining in detail the nature of DOJ's redactions, exemption claims, and withholdings. *See id.* ¶ 22.

35. The vast majority of responsive records were produced in full, but DOJ made certain redactions and withholdings pursuant to FOIA Exemption 6, *see id.*, because "the disclosure of [such records] would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6).

36. DOJ also withheld one additional page (that would have been responsive to Plaintiffs' requests if it were an agency record) because it was a purely personal record that was not subject to FOIA. Brinkmann Decl. ¶ 22.

37. DOJ also released to Judicial Watch, as a matter of discretion, six additional pages of records, although it did so without concluding that they were actually responsive to Judicial Watch's requests. *See id.*

38. On April 28, 2017, counsel for the parties conferred regarding DOJ's production. Brinkmann Decl. ¶ 23; Joint Status Report & Proposed Scheduling Order, Docket No. 15 (May 12, 2017) ¶ 9.

39. During that conversation, counsel for Judicial Watch informed counsel for DOJ that Judicial Watch did not intend to challenge any of the redactions, exemption claims, or withholdings in DOJ's production. Brinkmann Decl. ¶ 23; Joint Status Report & Proposed Scheduling Order, Docket No. 15 (May 12, 2017) ¶ 9.

DATED:  June 12, 2017               Respectfully submitted,

                                    CHAD A. READLER
                                    Acting Assistant Attorney General
                                    Civil Division

                                    MARCIA BERMAN
                                    Assistant Branch Director
                                    Federal Programs Branch

                                    <u>/s/ *Stephen M. Pezzi*</u>
                                    STEPHEN M. PEZZI
                                    Trial Attorney
                                    United States Department of Justice
                                    Civil Division, Federal Programs Branch
                                    20 Massachusetts Avenue NW
                                    Washington, DC 20530
                                    Phone (202) 305-8576; Fax (202) 616-8470
                                    Email: stephen.pezzi@usdoj.gov
                                    D.C. Bar No. 995500

                                    *Counsel for the Department of Justice*